FILED
2021 Mar-23  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



AlaFile E-Notice

01-CV-2021-900749.00

To:  Gloria R. Sellers
gloria@earlelawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

SHIRLEY WILLIAMS ET AL V. CHEYENNE VALENTINO TAKIMA ET AL
01-CV-2021-900749.00

The following complaint was FILED on 3/9/2021 12:34:48 PM

Notice Date:     3/9/2021 12:34:48 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
3/9/2021 12:33 PM
01-CV-2021-900749.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-<br>Date of Filing: 03/09/2021   Judge Code: |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**SHIRLEY WILLIAMS ET AL v. CHEYENNE VALENTINO TAKIMA ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** SEL049     3/9/2021 12:33:03 PM     /s/ Gloria R. Sellers
                                Date                            Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2
Case 2:21-cv-00429-JHE   Document 1-1   Filed 03/23/21   Page 3 of 17

ELECTRONICALLY FILED
3/9/2021 12:33 PM
01-CV-2021-900749.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **SHIRLEY WILLIAMS, an individual,** ) | |
| **MORGAN KING, an individual** ) | |
|     **PLAINTIFFs** ) | **Civil Action No. CV-_____** |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CHEYENNE VALENTINO YAKIMA, an** ) | |
| **individual,** ) | |
| **DISTANT STAR TRANSPORT INC., a** ) | |

**corporation; and Fictitious Defendants: A, whether singular or plural, individual or individuals, entity and/or entities who or which owned the vehicle occupied by the Defendant that caused Plaintiff's injuries, on the date and occasion made the basis of this suit; B, whether singular or plural, individual or individuals entity or entities who or which for whose benefit the Defendants, whether named or fictitiously alleged, were operating the motor vehicle on the date and occasion made the basis of Plaintiffs Complaint; C, whether singular or plural, individual or individuals, entity and/or entities, whether named or fictitiously alleged whose negligence and/or wantonness proximately caused or contributed to cause the damages suffered by the Plaintiff on the date and occasion made the basis of this suit; D, whether singular or plural, the entity for whom the driver at the time of this accident was performing some type of service or employment duty, whether named or factiously alleged; E, whether singular or plural, individuals, general partnerships, limited partnerships, corporations or other legal entities, whether named or fictitiously alleged, Plaintiff hereby intending to designate that entity and/or entities that does business in any form of an insurance agency or company; all of whose true names are otherwise unknown to the Plaintiff at this time or if their names are known to the Plaintiff, their proper identity as a party Defendant is unknown but whose true names will be substituted by amendment when the aforesaid lack of knowledge is ascertained;**

| | |
|---|---|
| | ) |
| **Defendants.** | ) |

## STATEMENT OF PARTIES

1. The Plaintiff, Shirley Williams " herein referred to as Plaintiff Williams" is an individual, above the age of 19 and has been a resident of Jefferson County, Alabama at least six (6) months preceding the filing of said lawsuit.

2. The Plaintiff, Morgan King "herein referred to as Plaintiff King" is an individual, above the age of 19 and has been a resident of Jefferson County, Alabama at least (6) months preceding the filing of said lawsuit.

3. The Defendant Cheyenne Valentino Yakima is above the age of 19 and is a resident of Macon, GA and was involved in an auto accident with Plaintiff Williams, causing injuries, which is the basis of said lawsuit..

4. The Defendant Distant Star Transport, Inc., upon information and belief, is a domestic corporation organized and doing business in Jefferson County, Alabama, at all material times referred to herein.

5. Fictitious Defendants A, B, C, D, and E are those individuals, entities, corporations, or partnerships who are not known at this time, but will be added by amendment when ascertained.

## COMPLAINT

6. On or about January 27, 2021, Plaintiff Shirley Williams was lawfully and legally operating the vehicle of Plaintiff Morgan King, a 2014 Toyota Camry on Interstate 59 at the intersection of Elton B. Stephens Highway Access in Jefferson County, Alabama.

7. Defendant Cheyenne Valentino Yakima was an employee of Distant Star Transport, Inc., a corporation, at the time of the above stated occurrence, working in the line and scope of his employment and was operating a 2007 Freight Conventional 18 wheeler, VIN 1FUJA6CK37LX35087, which was owned by the Defendant Distant Star Transport, Inc.

## COUNT ONE- NEGLIGENCE

8. Plaintiffs incorporates by reference and reallege paragraphs 1–7.

9. On said date, time, and place, Defendant Cheyenne Valentino Yakima negligently and wantonly drove the vehicle he was operating into the vehicle of that Plaintiff Williams was driving, causing that vehicle to sustain significant damage. As a proximate consequence, Plaintiff Williams sustained personal injuries.

10. The negligence of Defendant Cheyenne Valentino Yakima and/or Fictitious Parties A-E was the proximate cause of the Plaintiff Williams's injuries.

11. Plaintiff Williams incurred medical and hospital expenses, lost income, sustained property loss, pain and suffering, and out-of-pocket expenses and may sustain permanent physical impairment and disability, future lost wages, future medical bills, and the Plaintiff's ability to earn a living may be permanently impaired.

12. Plaintiff Morgan King is the owner of the vehicle in which Plaintiff Williams was driving and as a proximate consequence of the aforesaid negligence or wantonness, she incurred damage to her vehicle and personal property, and her vehicle was rendered less valuable.

## COUNT TWO -NEGLIGENT ENTRUSTMENT

13. Plaintiffs incorporate by reference and realleges paragraphs 1-12.

14. Defendant Distant Star Transport, Inc. is/was the owner of the vehicle that was driven by Defendant Cheyenne Valentino Yakima made the basis of this suit and Defendant Distant Star Transport, Inc. negligently and willfully entrusted Defendant Cheyenne Valentino Yakima to operate said vehicle upon the public and private highways of this state with knowledge of Defendant Cheyenne Valentino Yakima prior driving history and knew or should have known of the likelihood of Defendant Cheyenne Valentino Yakima to cause injury to the person and personal property of others while operating said vehicle.

15. Defendant Distant Star Transport, Inc. owed a duty of care to insure their automobile was driven by a competent and responsible driver.

16. Defendant Distant Star Transport, Inc. breached that duty when they negligently entrusted their vehicle to Defendant Cheyenne Valentino Yakima.

17. Defendant Distant Star Transport, Inc. negligently entrusting the operation of their vehicle to Defendant Cheyenne Valentino Yakima and/or Fictitious Parties A-E was the proximate cause of the Plaintiff Williams's injuries and Plaintiff King's property damage.

18. Plaintiff Williams incurred medical and hospital expenses, lost income, sustained property loss, pain and suffering, and out-of-pocket expenses and may sustain permanent physical impairment and disability, future lost wages, future medical bills, and the Plaintiffs' ability to earn a living may be permanently impaired.

**WHEREFORE WITH ALL PREMISES CONSIDERED**, Plaintiffs demands a judgment against the Defendants for actual, and general damages, and such other damages as allowed by the State of Alabama in the amount reasonably calculated for the injuries caused by Defendant Cheyenne Valentino Yakima.

Respectfully Submitted,

/s/ Gloria R. Sellers
Gloria R. Sellers (SEL049)
Attorney for the Plaintiff

**OF COUNSEL:**
Sellers Law Group, LLC
P.O. Box 1442
Birmingham, AL  35201
Phone: (205) 598-8869 (Direct)
Fax:    (205) 579-9373 (Fax)
Email:  Gloria@sellerslawgroup.com


**PLAINTIFFS DEMAND A TRIAL BY JURY**


**DEFENDANTS MAY BE SERVED AS FOLLOWS:**


**DEFENDANT UPDIKE TO SERVED BY PROCESS SERVER AT ADDRESS:**
Cheyenne Valentino Yakima
2050 Old Clinton Road
Macon, GA 31211

**DEFENDANT DISTANT STAR TRANSPORT, INC. REGISTERED AGENT TO BE SERVED BY CERTIFIED MAIL**

George Foster
516 Sosebee Farm Rd.
Grayson, GA 30017

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
# BIRMINGHAM DIVISION

| | |
|---|---|
| **SHIRLEY WILLIAMS, an individual,** ) | |
| **MORGAN KING, an individual** ) | |
|       **PLAINTIFFs** ) | **Civil Action No. CV-_____** |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CHEYENNE VALENTINO YAKIMA,** ) | |
| **an individual,** ) | |
| **DISTANT STAR TRANSPORT, INC. a** ) | |

**Corporation; and Fictitious Defendants: A,** whether singular or plural, individual or individuals, entity and/or entities who or which owned the vehicle occupied by the Defendant that caused Plaintiff's injuries, on the date and occasion made the basis of this suit; **B,** whether singular or plural, individual or individuals entity or entities who or which for whose benefit the Defendants, whether named or fictitiously alleged, were operating the motor vehicle on the date and occasion made the basis of Plaintiffs Complaint; **C,** whether singular or plural, individual or individuals, entity and/or entities, whether named or fictitiously alleged whose negligence and/or wantonness proximately caused or contributed to cause the damages suffered by the Plaintiff on the date and occasion made the basis of this suit; **D,** whether singular or plural, the entity for whom the driver at the time of this accident was performing some type of service or employment duty, whether named or factiously alleged; **E,** whether singular or plural, individuals, general partnerships, limited partnerships, corporations or other legal entities, whether named or fictitiously alleged, Plaintiff hereby intending to designate that entity and/or entities that does business in any form of an insurance agency or company; all of whose true names are otherwise unknown to the Plaintiff at this time or if their names are known to the Plaintiff, their proper identity as a party Defendant is unknown but whose true names will be substituted by amendment when the aforesaid lack of knowledge is ascertained;

      )
    **Defendants.**                       )

## PLAINTIFF'S SHIRLEY WILLIAMS FIRST SET OF INTERROGATORIES TO DEFENDANT CHEYENNE VALENTINO YAKIMA

      **COMES NOW,** the Plaintiff Shirley Williams and Plaintiff Morgan King in the above styled case, by and through their attorney of record, pursuant to the Alabama Rules of Civil Procedure Rule 33 hereby propounds its First Set of Interrogatories to the Defendants Cheyenne Valentino Yakima to be answered under oath within **forty-five (45) days** of service.

## DEFINITIONS

**Identify.** When used with regard to a person "identify" shall mean to state the person's (a) full name; (b) title or position; (c) present or last known business and home address and telephone numbers; (d) present or last known employer; (e) Social Security Number; and (f) date of birth.

**You or Your**. As used herein, the works "you" and "your" include, but are not limited to, your attorneys, insurance carrier and its agents/employees, insurance broker, representatives, agents, assigns, partners, owners, shareholders, employees, agents, anyone acting on your behalf, and any other related persons or entities.

**Document.** As used herein, "document" or "documents" shall mean every original and every copy of any original or copy which differs in any way from any original of every writing or recording of every kind or description, whether handwritten, typed, drawn sketched, printed or recorded by any physical, mechanical, electronic or electrical mean whatever, including without limitation letters, books, records, reports, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, tabulations, bulletins, press releases, computer programs, data contained in computer programs, date contained in computers, data sheets, analyses, summaries, ledgers, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll agendas, payroll records, checkbooks, cancelled checks, receipts, applications, offers, acceptances, proposals, financing statements, documents of title, forecasts or appraisals, purchase orders, invoices, orders of acknowledgement, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, files, filmstrips, tapes and records, diskette, compact disc, maps, plats, surveys, drawings, sketches, graphs, charts, plans, state and federal governmental hearings and reports, laboratory or engineering reports, correspondence, communications, telegrams, telexes, cables, memoranda, notes, notebooks, work sheets, reports, lists, note charts, summaries or records of telephone conversations, summaries or records or personal conversations, interviews, records or minutes of meetings or negotiations, opinions or reports of consultants, accountings of any kind, work papers and transcripts. "Documents" shall also refer to all data maintained electronically, digitally, whether in computers or otherwise.

**Visual Representation**. As used herein, the words, "visual representation" include but are not limited to, blueprints, drawings, photographs, slides, motion pictures, films, videotapes, drawings, sketches, x-rays, radiological studies, medical imaging, microfiches, microfilm, any retrievable image in computer storage including images stored on CD ROM, or any other recordings of the physical appearance of any subject by any means.

**Statement**. As used herein, the work "statement" includes, but is not limited to, any statement, or notes or summaries of any statements, given by any person, whether a party or non-party, that is written (whether signed or unsigned), oral, recorded (whether transcribed or not), or held in any other medium, including, but not limited to, information in computer storage.

**Witness (es) or Witnessed**. As used herein, the word words, "witness," "witnesses", and "witnessed" mean and relate to any person who has knowledge of, claims to have knowledge of,

or that you believe may have knowledge of the occurrence, the injuries, the damages alleged, or any other matter in issue.

**Defendant(s)** For the purposes of these Interrogatories, the term "Defendant(s)" shall encompass all those Defendants listed in the case caption, even if the person answering is not answering for all Defendants, but only has such knowledge or information of, for or relating to any other Defendant(s).

**Occurrence**. As used herein, "occurrence" refers to the occurrence of January 27, 2021 as mentioned and described in Plaintiff's Complaint at Law or any other pleading which makes reference to same.

**Claims of Privilege** When information or documents are withheld from disclosure or discovery on a claim that they are privileged pursuant to a common law or statutory privilege, any such claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced or disclosed and the exact privilege which is being claimed.

## INSTRUCTIONS

A. The following interrogatories should not be construed as requesting information known only on the basis of your own personal knowledge but should also include any knowledge of your agents or attorneys or other contentions which are being made on your behalf.

B. "Defendant" as referred to in these interrogatories should be construed to mean each and every party listed as a defendant in the captioned lawsuit.

C. "Plaintiff" as referred to in these interrogatories should be construed to mean each and every party listed as a Plaintiff in the captioned lawsuit.

D. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

## INTERROGATORIES

1. State your full name, residential address, business address, date of birth, driver's license number, social security number and telephone number.

2. Were you the owner and/or operator of a motor vehicle which was involved in a collision with the vehicle driven and occupied by the Plaintiffs at the time and place alleged in Plaintiffs' complaint? Please include in your answer the name(s) address(es) and telephone number(s) of any passenger(s) in your vehicle. If you are not the owner, please state the name, address and telephone number of the owner.

3. If so, give full and complete description of the vehicle you were driving at the time of the accident.

4. Were you employed at the time of the accident?

      A. If so, give the name, address, and business of your employer.

5. At the time and place of the accident, were you the name insured in any policies of liability insurance?

6. At the time and place of the accident, were you an insured other than named insured under any policies of liability insurance?

7. If the answer to either of the foregoing questions is "yes", state the following with respect to each of such policies of liability insurance:

      A. the name and address of the company issuing such policy;
      B. the number of such policy;
      C. the name insured under such policy
      D. the nature and extent of insurance coverage which protects you against the risk of this Suit;
      E. the amount of policy limits.

8. At the scene of the accident, was the traffic controlled by signal lights, public officers, signs or other means?

9. If so, state:
      A. the nature of the controls;
      B. the location thereof in relation to the point of impact.

10. Please give your version of how the accident occurred including the following information:

      A. the exact time of the occurrence;
      B. the place of occurrence giving the definite location in reference to identifiable stationary objects setting forth the distance, if known, from any such object;
      C. the direction of travel of Plaintiff's vehicle at the time of the accident;
      D. Plaintiff's physical location immediately prior to the accident.
      E. Your direction of travel and physical location immediately prior to the accident;
      F. Plaintiff's actions at the time of the accident.
      G. Your actions at the time of the accident.

11. Where had you been one hour prior to the accident? Please include in your answer where you were going and coming from immediately preceding and after the accident.

12. For what distance did you have a clear view as you approached the scene of the accident?

13. When you first saw the vehicle Plaintiff's vehicle, please state:

> A. the location of your vehicle and its distance from Plaintiff's vehicle and the point of impact.
> B. the location of Plaintiffs vehicle in relation to the position of your vehicle and to the point of impact.
> C. the speed of each vehicle.

14. What, if anything was done by you in the operation of your vehicle in an attempt to avoid the accident?

15. If one of your responses in question 14 above is that you applied your brakes, please state:

> A. the distance in feet from the point of impact when your brakes were first applied;
> B. the distance in feet traveled by your vehicle from the point of application of your brakes to your stopping point.

16. What part of Plaintiffs vehicle and your vehicle came into contact with each other as a result of the accident?

17. Describe the path of travel of each vehicle after the accident until it came to a final resting place.

18. Did you have a conversation with any of the police officers who investigated the accident, at the scene of the accident and if so, please state the name and badge number of each officer and the substance of each conversation.

19. Please state the name, residence, place of employment, and business and telephone number of each person known to you or any of your representatives who:

> A. Witnessed the accident;
> B. Were present at the scene of the accident immediately prior to its occurrence and at any time within three hours thereafter;
> C. Were within sight or hearing of the accident;
> D. Rendered assistance to the Plaintiff at the scene of the accident.
> E. Removed the Plaintiff from the scene of the accident;
> F. Accompanied you from the time you began your trip on the day of the accident up to the time of its occurrence.
> G. Investigated the accident on your behalf.

20. Did you or any of your representatives obtain statements from you, the Plaintiff's or any other person regarding any of the events or happenings that occurred at the scene of the accident, either immediately before, at the time of or following said accident?

21. If so, identify each such statement by specifying:

>A. the date of which it was taken;
>B. the name, residence, business address, occupation, business and home telephone numbers of each person who:
>>1. gave the statement;
>>2. took the statement;
>>3. was present when the statement was given;
>>4. has present custody or control of the statement.

22. Prior to and subsequently to the collision herein, had you been involved in any collisions involving motor vehicles?

23. If so, as to each, please state:

>A. the date, time and location of accident;
>B. the names and addresses of people involved;
>C. if legal proceedings were commenced;
>D. the names of parties and status they occupied in an action;
>E. the result of any judgment rendered in any action;
>F. the substance of any settlement in absence of legal proceedings.

24. Have you ever been a party to any lawsuit involving a claim for personal injuries, other than the present?

25. If so, please state:

>A. the name of the suit;
>B. Your status herein;
>C. the kind of suit involved;
>D. the court in which it was filed;
>E. the court number of the suit;
>F. the date of the filing.

26. Have you ever filed for Bankruptcy? If so, please state the date and year of discharge.

27. Have you ever been convicted of any crimes, including minor traffic violations? If so, please provide the date(s) and nature of such crimes, the sentence imposed and Courts and locations thereof.

28. Were there any mechanical defects in the motor vehicle in which you were riding at the time of the incident described in the Complaint contribute to the incident? If so, please describe the nature of the defect and how it contributed to the incident.

29. Identify all of your social media or other internet service you have used to communicate with any person from the date of the incident made the basis of your Complaint until the present,

including but not limited to Facebook, Twitter, Instagram, Skype, Snapchat, Reddit, Tumblr, Twitch, etc. This request includes any email account used by you. For each social media service, email account or other responsive online service, identify the following:

    a. Your account name(s)/username(s)/login ID(s)/email address (es);

    b. Each and every communication, posting, statement, or other online interaction that references, refers to, or is in any other way related to the incident made the basis of Plaintiff's complaint.

30. Do you intend to call any expert witnesses at the trial of this case? In your answer, please list the name(s), telephone number(s) and credentials of each expert witness and provide a brief summary of their expected testimony if any.

31. Have you been advised that you are answering these interrogatories under oath and that the information contained therein can be used as evidence in the trial of this case?

32. Please provide your cellular mobile device service provider, telephone number and name of the individual who makes the payment on this account and advise whether you were operating your cell phone or any other device before and/or during the accident?

33. If you (or your operator) appeared before any Traffic Court, Municipal Court or District Court, state the date and location and whether testimony was offered.

34. Prior to and subsequently to the collision herein, provide a detailed list of all traffic citations, auto accidents, moving and non-moving traffic violations which include speeding, failure to the yield the right of way, reckless driving, DUI, and another other violation as related to the use of an automobile.

35. Describe in detail any limitations placed upon your use of the vehicle you were operating at the time of the accident by the owner or any other personal or entity who may have had control of your use of the vehicle.

36. If you (or your operator) consumed any alcoholic beverage(s), medications (prescription and/or over-the-counter) or any illicit drugs, during the forty-eight (48) hours immediately preceding the alleged accident, state:

  (a) The nature, amount and type of item(s) consumed;

  (b) The period of time over which the item(s) was/were consumed;

  (b) The names and addresses of any and all persons who have any knowledge as to the consumption of the aforementioned items (i.e. witnesses, physicians, etc.)

37. Do you admit that you (or your operator) were negligent in the operation and/or control and/or entrustment of a motor vehicle at the time of the alleged accident?

38. If you (or your operator) have had a claim made against you for the negligent operation of a motor vehicle within the last five (5) years, state:

    (a) Your applicable motor vehicle liability insurance benefits carrier at the time that cause of action arose;
    (b) The Commonwealth or State, County, Court, Term and Number of any lawsuits arising from that cause of action.

39. If you (or your operator) ever had a driver's license suspended or revoked, state:

    (a) When, where and by whom it was suspended or revoked;

    (b) The reason(s) for such suspension or revocation;

    (c) The period of such suspension or revocation;

    (d) Whether such suspension or revocation was lifted and if so, when.

40. State the purpose of the motor vehicle trip you (or your operator) were on at the time of the alleged accident.

    Respectfully Submitted,

    /s/ Gloria R. Sellers
    **Gloria R. Sellers (SEL049)**
    Attorney for the Plaintiff

**OF COUNSEL:**
Sellers Law Group, LLC
P.O. Box 1442
Birmingham, AL  35201
Phone: (205) 598-8869 (Direct)
Fax:    (205) 579-9373 (Fax)
Email:  Gloria@sellerslawgroup.com

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | |
|---|---|
| **SHIRLEY WLLIAMS, an individual** ) | |
| **MORGAN KING, an individual** ) | |
|       **PLAINTIFFs** ) | Civil Action No. CV-_____ |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **CHEYENNE VALENTINO YAKIMA,** ) | |
| **an individual and DISTANT STAR** ) | |

**TRANSPORT INC., a Corporation; and Fictitious Defendants: A, whether singular or plural, individual or individuals, entity and/or entities who or which owned the vehicle occupied by the Defendant that caused Plaintiff's injuries, on the date and occasion made the basis of this suit; B, whether singular or plural, individual or individuals entity or entities who or which for whose benefit the Defendants, whether named or fictitiously alleged, were operating the motor vehicle on the date and occasion made the basis of Plaintiffs Complaint; C, whether singular or plural, individual or individuals, entity and/or entities, whether named or fictitiously alleged whose negligence and/or wantonness proximately caused or contributed to cause the damages suffered by the Plaintiff on the date and occasion made the basis of this suit; D, whether singular or plural, the entity for whom the driver at the time of this accident was performing some type of service or employment duty, whether named or factiously alleged; E, whether singular or plural, individuals, general partnerships, limited partnerships, corporations or other legal entities, whether named or fictitiously alleged, Plaintiff hereby intending to designate that entity and/or entities that does business in any form of an insurance agency or company; all of whose true names are otherwise unknown to the Plaintiff at this time or if their names are known to the Plaintiff, their proper identity as a party Defendant is unknown but whose true names will be substituted by amendment when the aforesaid lack of knowledge is ascertained;**

                                                              )
      **Defendants.**                              )

## **PLAINTIFF'S SHIRLEY WILLIAMS FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CHEYENNE VALENTINO YAKIMA**

      **COMES NOW**, Plaintiff Shirley Williams and Plaintiff Morgan King, by and through their undersigned counsel, pursuant to Rule 34 of the Alabama Rules of Civil Procedure, and hereby request the Defendant Cheyenne Valentino Yakima to produce the following within forty-five (45) days:

1. Please produce all documents evidencing claims and defenses made on your behalf by any of your representatives.

2. Please produce any and all statements, affidavits, recordings of the Plaintiffs, Defendant and or any witnesses of the accident which occurred between the Plaintiffs and Defendant.

3. Please produce true and exact copies of any and all insurance policies that were in force with applicable coverage insuring the above Defendant.

4. Please produce true and exact color copies of any photographs depicting the accident scene.

5. Please produce true and exact copies of any photographs of the Defendant's vehicle depicting damage resulting from the accident which made the basis of said accident.

6. Please produce any estimates of the damages to the Defendant's vehicle.

7. Please produce any and all documents which defendant has received from Plaintiffs in connection with this matter.

8. Please produce any and all documents (correspondence, etc.) which Defendant has sent Plaintiffs in connection with this matter.

9. Please produce all accident, incident or investigation reports prepared regarding the matter described in Plaintiffs' complaint.

10. Please produce copies of any and all expert reports whether or not intended for use at time of trial.

11. Please produce a copy of all documents which in any way relate to your interrogatory answers or which otherwise reflect the information provided herein.

12. All documents, photographs, video tapes or other items or material the Defendant intends to introduce as an exhibit at the trial of this case.

13. A copy of all books, treatises, codes, articles, medical texts or any other writing by whatever means identified, you intend to use at the trial of this case in support of your contentions that this Defendant was not negligent or that any expert you intend to call as a witness relies upon giving any opinion.

14. A copy of any documents the Defendants intends to introduce at the trial of this case.

15. Please produce copies of your cellular phone records from July 12, 2019 until July 30, 2019.

16. Produce any and all medical records of Defendant Cheyenne Valentino Yakima for the past five (5) years.

17. Produce any and all motor vehicle driving records of Defendant Cheyenne Valentino Yakima for the past five (5) years.

                                                Respectfully Submitted,

                                                /s/ Gloria R. Sellers
                                                Gloria R. Sellers  (SEL049)
                                                Attorney for the Plaintiff

**OF COUNSEL:**
Sellers Law Group, LLC
P.O. Box 1442
Birmingham, AL  35201
Phone: (205) 598-8869 (Direct)
Fax:    (205) 579-9373 (Fax)
Email:  Gloria@sellerslawgroup.com