UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY WILLIAMS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:21-cv-00429-JHE |
| CHEYENNE VALENTINO YAKIMA, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**[1]

Plaintiffs Shirley Williams ("Williams") and Morgan King ("King," and together with Williams, "Plaintiffs") initiated this action on March 9, 2021, by filing a complaint in the Circuit Court of Jefferson County, Alabama. (Doc. 1-1). On March 23, 2021, Defendants Cheyenne Valentino Yakima ("Yakima") and Distant Star Transport, Inc. ("Distant Star," and together with Yakima, "Defendants") removed the action to this court, alleging the complaint satisfied the requirements of this court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Plaintiffs have now moved to remand. (Doc. 5). Defendants oppose the motion. (Doc. 7). For the reasons discussed further below, the motion is **GRANTED**.

**I. Standard of Review**

A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar, Inc.*

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

*v. Williams*, 482 U.S. 386, 392 (1987). Relevant here, jurisdiction exists if there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1); *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). If removal is based on diversity of citizenship, Defendants have the burden of demonstrating both complete diversity and the amount in controversy. *See* 28 U.S.C. § 1332(a); *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014). The "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

Where a defendant's notice of removal makes a good-faith claim asserting the amount in controversy, his "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). However, when a defendant's amount in controversy allegation is "contested by the plaintiff or questioned by the court," then "both [plaintiff and defendant] submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 88. The court must find it is "more likely than not" that the plaintiff could recover more than $75,000 from the defendant for diversity jurisdiction to exist. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

## II. Background

According to the complaint, Williams and King are both residents of Alabama, Distant Star is "upon information and belief . . . a domestic corporation organized and doing business in

Jefferson County, Alabama." and Yakima is a resident of Georgia.[2] (Doc. 1-1 at 3-4, ¶¶ 1-4). Williams was driving King's 2014 Toyota Camry on January 27, 2021, when Yakima (who is employed by Distant Star) drove the vehicle he was operating into King's vehicle. (*Id.* at 4, ¶¶ 6-7, 9). As a result, King's vehicle sustained significant damage. (*Id.* at 4-5, ¶¶ 9, 12). Williams herself "incurred medical and hospital expenses, lost income, sustained property loss, pain and suffering, and out-of-pocket expenses and may sustain permanent physical impairment and disability, future lost wages, future medical bills, and [her] ability to earn a living may be permanently impaired." (*Id.* at 4, ¶ 11).

The complaint asserts a negligence count against Yakima, (*id.* at 4-5, ¶¶ 8-12), and a negligent entrustment count against Distant Star, (*id.* at 5, ¶¶ 13-18). They seek "actual, and general damages, and such other damages as allowed by the State of Alabama in the amount reasonably calculated for the injuries caused by Defendant Cheyenne Valentino Yakima." (*Id.* at 5).

In their notice of removal, Defendants contend there is complete diversity of citizenship between the parties because "Defendants Yakima and Distant Star are residents of the State of Georgia." (Doc. 1 at 2, ¶ 4) (citing "Complaint"). Defendants also argue the "[t]he amount in controversy is not set forth in plaintiffs' complaint but is assume [sic] the damages sought exceed the sum of $75,000, exclusive of interest and costs, as the Plaintiffs allege physical injuries, medical expenses, temporary and permanent disability, physical pain and suffering, mental

---

[2] The complaint also references five fictitious defendants, (*see id.* at 4, ¶ 5), but they are not relevant to this motion. *See* 28 U.S.C. § 1441 ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

anguish, lost wages, and disfigurement since the automobile accident occurred on January 27, 2021." (*Id.*, ¶ 5).

### III. Analysis

Plaintiffs' basis for remand is that the amount in controversy is not apparent from the face of the complaint and Defendants have not met their burden to demonstrate it has been met.[3] (*See* doc. 5). They point out that they have made an unspecified demand for damages, contending the court would have to speculate as to the amount they seek. (*Id.* at 1-2). In response, Defendants argue Plaintiffs are seeking punitive damages for a wantonness claim, so the court can reason that the amount in controversy exceeds $75,000. (Doc. 7 at 1-2). Defendants also argue Plaintiffs'

---

[3] Neither party addresses whether there is diversity of citizenship. However, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

An individual is considered a citizen of the state of his domicile—that is, the last state in which he lived with an intention to remain there indefinitely. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). And a corporation is a citizen of every state where it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, the complaint does not support that the parties are diverse. Although it characterizes Plaintiffs as "residents" of Alabama and Yakima as a "resident" of Georgia, it says nothing about their citizenship. And the complaint simply states Plaintiffs believe Distant Star is "a domestic corporation organized and doing business in Jefferson County, Alabama."

None of this is sufficient to conclude diversity of citizenship exists. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) "domicile requires both residence in a state *and* an intention to remain there indefinitely . . . ." (cleaned up and emphasis added); *Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."). Nor does the notice of removal help, because it baldly states only that "Defendants Yakima and Distant Star are *residents* of the State of Georgia . . . ." (Doc. 1 at 2) (emphasis added). Defendants never indicate their citizenship (or, in the case of Distant Star, citizenships), and do not support even their assertions about residency with any evidence. Thus, even if the undersigned were to conclude that the amount in controversy was met in this case, Defendants have failed to meet their burden to show diversity of citizenship. At a minimum, this would require additional explanation and evidence from Defendants to show that the case belongs in this court.

4

failure to specifically disclaim more than $75,000 leads to a presumption that diversity jurisdiction exists.  (*Id.* at 3).

When a complaint, such as the one in this case, does not request a specific amount of damages, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).  In this assessment, the district court "need not suspend reality or shelve common sense." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Instead, this court may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Id.*  The court is not "bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.*  Furthermore, the court must consider a request for and availability of punitive damages unless it is apparent to a legal certainty that such cannot be recovered.  *See, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *Mitchell v. Carrington Mort. Serv.*, L.L.C., Case No. 5:16-cv-00833-CLS, 2016 WL 3570373, *3 (N.D. Ala. July 1, 2016).

Plaintiffs are correct that the complaint does not contain any specific monetary request for damages.  Indeed, the allegations in the complaint are bare-bones at best; they do not disclose anything in particular about the accident other than that it was caused by Yakima, that Williams suffered unspecified injuries that may or may not be permanent and incurring unspecified expenses, and that the King's Toyota Camry was significantly damaged.  That said, fairness dictates that a plaintiff cannot avoid removal simply by pleading vague allegations, so the undersigned proceeds with the analysis.

5

As they did in their notice of removal, (*see* doc. 1), Defendants rely almost entirely on the existence of Plaintiffs' wantonness claim and request for punitive damages to infer that the amount in controversy exceeds $75,000. (*See generally* doc. 7). The problem with this argument is that there is neither a wantonness claim nor a request for punitive damages in the complaint. Defendants point to Count One, Paragraph 9 of the complaint to locate the wantonness claim. (*See id.* at 1). It is true that the paragraph Defendants reference states "Yakima negligently and wantonly drove the vehicle he was operating into the vehicle of that Plaintiff Williams was driving . . . ." (Doc. 1-1 at 4, ¶ 9). However, there is only this and one other stray reference to wantonness in the complaint: Paragraph 12, which refers to "the aforesaid negligence or wantonness," (*id.* at 5, ¶ 12). Count One, under which both paragraphs appear, is titled "**COUNT ONE – NEGLIGENCE**." (*Id.* at 4) (emphasis in original). Paragraph 10, the paragraph immediately following the one Defendants cite, states, in full, "The *negligence* of Defendant Cheyenne Valentino Yakima and/or Fictitious Parties A-E was the proximate cause of the Plaintiff Williams's injuries." (*Id.*, ¶ 5) (emphasis added). It is unreasonable to conclude the two references to wantonness mean the complaint actually asserts a cause of action for wantonness, given the conspicuous title of the count and the absence of any specific allegations concerning Yakima's purportedly wanton conduct. *See Tolbert v. Tolbert*, 903 So.2d 103, 114 (Ala. 2004) (wantonness "is not merely a higher degree of culpability than negligence[, but a] qualitatively different tort . . . .").

Furthermore, there is no obvious request for punitive damages in the complaint. Plaintiffs do not put a dollar amount on the damages they seek, but they do specify that they seek particular *categories* of damages: "actual, and general damages, and such other damages as allowed by the State of Alabama in the amount reasonably calculated for the injuries caused by Defendant

Cheyenne Valentino Yakima," (doc. 1-1 at 5). Defendants characterize this as an implicit request for punitive damages, but they cite no authority for the proposition that a request for punitive damages can or should be inferred from a catchall request for relief. *Cf. Holley*, 821 F.3d at 1535 (considering punitive damages as part of remand calculus where plaintiff "seeks actual and punitive damages"); *Rae v. Perry*, 392 Fed. Appx. 753, 756 (11th Cir. 2010) (same, noting plaintiff's complaint contained a request for punitive damages); *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 401-02 (M.D. Ala. 1995) (same, observing the complaint "seeks recovery of an unspecified amount, including punitive damages."). Defendants' requested inference is particularly inapt because Plaintiffs explicitly state they request compensation "for the injuries caused"—i.e., compensatory damages. By contrast, punitive damages "are aimed not at compensation but principally at retribution and deterring harmful conduct." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 492 (2008). Finally, the inference Plaintiffs seek punitive damages necessarily rests on the inference they are asserting a wantonness claim; mere negligence does not support the imposition of punitive damages. *See Lafarge N. Am., Inc. v. Nord*, 86 So. 3d 326, 335 (Ala. 2011) ("Punitive damages cannot be awarded on a negligence claim"). It is Defendants' burden to show "the jurisdictional facts necessary to establish" that punitive damages are at issue, "that is, that such damages *could* be awarded." *McDaniel v. Fifth Third Bank*, 568 Fed. Appx. 729, 731 (11th Cir. 2014) (emphasis in original). Defendants cannot meet that burden by piling one tenuous inference upon one another.

Even if a wantonness claim and a request for punitive damages could be read into the complaint, Defendants' authority is off the mark. Defendants contend this case is similar to *Pullum v. Ford Motor Co.*, No. 2:19-CV-120-ECM, 2019 WL 2578948 (M.D. Ala. June 21, 2019), an unpublished products liability case from another district. In that case, the court inferred that the

plaintiff's multiple requests for punitive damages against Ford Motor Company "would need to be substantial" if awarded, given Ford's size. *Id.* at *3. Unlike this case, the plaintiff's punitive damages requests in *Pullum* were explicit in the complaint. *Id.* at *1 ("Pullum asserts claims of fraud, fraud in the inducement, breach of express warranty, breach of implied warranty, and a violation of the Magnuson-Moss Warranty Act . . . . Under each of her state-law claims, Pullum requests punitive damages."). As to whether *Pullum's* reasoning supports punitive damages here, Defendants appear to rely solely on the fact that Distant Star is "an out of state trucking company . . . ." (Doc. 7 at 2). There is no indication that Distant Star is a large company like Ford, or that an award of punitive damages against it would need to be large to "punish [it] and deter future similar conduct," (*id.* at 1). *Pullum* is inapposite and unpersuasive.

Defendants' only other argument is that Plaintiffs' alleged failure to disclaim damages above $75,000 shows the amount in controversy is met. (Doc. 7 at 3). Defendants fail to cite any authority for this claim. That said, while "a refusal to stipulate *standing alone* does not satisfy [the defendant's] burden of proof on the jurisdictional issue," *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (emphasis added), it is relevant to the issue, and courts routinely consider it as such. *See, e.g., Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1287 (N.D. Ala. 2013) (considering refusal to stipulate to damages less than the jurisdictional amount as one factor among several counseling against remand); *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) ("[A] plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount should be considered when assessing the amount in controversy."). Here, given the absence of any other indication in this case that the jurisdictional amount has been met, the undersigned declines to attach dispositive relevance to the lack of a disclaimer.

## IV. Conclusion

For the reasons stated above, Plaintiffs' motion to remand is **GRANTED**. This case is due to be **REMANDED** to the Circuit Court of Jefferson County, Alabama. A separate order will be entered.

DONE this 21st day of June, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE